Heirs of José Faustino Gorbea, etc., Plaintiffs and Appellees, v. Josefa Portilla, Defendant and Appellant, and Inocencio Martínez et al., Defendants.

No. 5705. Argued December 15, 1932.—Decided March 8, 1934.

*L. Toro Cabañas* for appellant.  *Angel A. Vázquez* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The defendant, Josefa Portilla, appeals from a judgment holding the plaintiffs to be the owners of a one-fourth undivided interest in a certain house, annulling a possessory title with respect to the plaintiffs' condominium and the subsequent sales and records in favor of the defendant and her

father, and adjudging her to pay a certain sum as fruits and rents of said condominium, with costs.

The first ground of appeal urged is that the lower court erred in failing to dismiss the fifth and last amended complaint, as the facts originally averred have been changed in such a manner that it may be said that this is a new suit. The alleged error is nonexistent, because the fact that in the original complaint plaintiffs claimed a two-sixths undivided interest in the house in question, whereas in the fifth amended complaint it is stated that said undivided interest amounted to 0.216 of the immovable, is not such an inconsistency as to give rise to a new cause of action.

The second error assigned is based on the court's failure to hold that the fifth amended complaint did not state facts sufficient to constitute a cause of action. The defect charged is that, although plaintiffs claimed as heirs of different persons, it is not alleged as to some of the various groups of heirs, whether they inherited by testate or intestate succession or whether the inheritance was accepted or not. Whatever the appellant finds to be lacking from that complaint is a matter of proof, for it was enough for the appellees to allege the ultimate fact, viz, that they are the heirs of the persons by them specified. The claim that the complaint failed to allege the date in which the father of the defendant died, is incorrect, as said date is set forth in the eighth paragraph of the complaint. The complaint is also sufficient in spite of the fact that the father of the defendant purchased from a person who in the registry appeared as owner, for it is averred that he purchased with knowledge that his vendor was not the owner of the property.

The third assignment of error refers to the weighing of the evidence, which according to the appellant, shows that the plaintiffs failed to prove their case. In order to pass upon this assignment, we must state the essential facts resulting from the evidence introduced at the trial.

The two-story house No. 23—formerly No. 25—on Santo Cristo Street, corner of San Francisco Street, now called Salvador Brau Street, in this city, had belonged to Juan José Gorbea since before 1845, for on February 15 of that year his heirs and those of his brother, José Ramón Gorbea, executed a notarial deed wherein they stated that although said house had been awarded to the fathers of both set of heirs as their hereditary share in the estate of their mother Magdalena García, they had agreed in a private document that the house should become the exclusive property of Juan José Gorbea, in consideration of a certain sum of money paid by the latter to his brother, for which reasons the heirs of José Ramón Gorbea acknowledged that the heirs of Juan José Gorbea were the sole owners of the immovable. Juan José Gorbea left as his heirs nine children, who in the same year, 1845, constituted a mortgage on that house for the sum of 3,000 *pesos* in favor of the Public Treasury, as sureties for their brother Manuel, who had been appointed Customhouse Inspector of Guayanilla; which mortgage was increased, in June 1870, to 8,000 Spanish *escudos,* as a fidelity bond for the said brother, in his capacity as Collector of Internal Revenue and of Customs of Ponce. In October of the same year they enlarged the mortgage on the said house to 10,000 Spanish *escudos,* to secure their brother as Collector of Internal Revenue and Customs of Mayagüez. Said mortgage and its extensions were recorded in the old registry. Many of the children of Juan José Gorbea died unmarried and without issue and their hereditary shares went to their brothers. One of said children, José Faustino Gorbea, deceased, was the father of some of the plaintiffs herein and grandfather of two of them. Another was Dominga Gorbea, who died under a will wherein after stating that she was single and had no legitimate or illegitimate descendants and that she was entitled to a certain share in the house to which we have been referring, designated as her sole heir José Severo Gorbea, a

foundling, whom she had brought up from infancy. The said José Severo Gorbea instituted in January 1893, a proceeding to establish possessory title to that house, which he claimed to have inherited from his mother, Dominga Gorbea, and said proceeding having been approved, the property was recorded in his name without prejudice to third persons having a better right. When this possessory title was recorded, mention was made of the mortgage bond, and its extensions encumbering the property. Thereafter, in 1894, the records of the mortgage bond and its extensions to which we have referred, were transferred to the new registry, and in the 3rd, 4th, and 5th inscriptions of those encumbrances it was stated that the same had been constituted by the Gorbea children, naming them, including José Faustino Gorbea and Dominga Gorbea. On February 22, 1895, while the records of said encumbrances, made at the request of the Commissioner of the Public Treasury, were still in force, José Severo Gorbea, as the exclusive owner of the house, sold the same to Cesáreo Portilla, who had been previously advised by the plaintiffs not to purchase the house because it did not belong exclusively to José Severo Gorbea, since they held an interest in it by inheritance from their father, José Faustino Gorbea. After Cesáreo Portilla died, the house was recorded in 1897, in the name of his daughter and heir, Josefa Portilla, and subsequently, in 1899, the mortgage bond and its extensions were cancelled. Thereafter, entry was made in the registry of a notice of a complaint which had been filed by the plaintiffs herein against José Severo Gorbea and Josefa Portilla claiming an undivided interest in the property and the nullity of the possessory title. As admitted by the defendant in her answer to the fifth amended complaint, said suit terminated by a judgment rendered in 1909 dismissing the complaint on a motion for nonsuit. An appeal taken from that judgment was dismissed on April 20, 1921, and the original complaint in the present action was filed the following day.

The foregoing facts show that the court below did not err in finding that the plaintiffs had proved their case, for they lead to the conclusion that Juan José Gorbea had been the owner of the entire house since the year 1845; that the same was inherited by his children, among whom was José Faustino Gorbea, whose share was later inherited by four of the plaintiff daughters and by two of the grandchildren who also bring suit in representation of their father Manuel Gorbea; and that José Severo Gorbea, who instituted the possessory title proceeding in his name, only had in the house the part that had belonged to Dominga Gorbea, as heir of Juan José Gorbea, this being what she bequeathed to her foster son, José Severo Gorbea.

The fourth assignment of error is based on the ground that the lower court failed to sustain the defense set up in the answer to the complaint to the effect that the ownership as well as the action brought had prescribed under sections 1858 and 1864 of the Civil Code.

Real actions relating to real property prescribe after thirty years, according to section 1864 of the Civil Code, but said prescription may be interrupted by the institution of a suit, according to section 1874 of the same code; and such interruption has for its effect that the limitation period must be counted anew when the interruption ceases, as held in *De Jesús* v. *De Jesús,* 37 P.R.R. 143. Hence, the first suit having been brought six years after the institution of the possessory title proceeding, and the interruption thus produced having lasted until the appeal taken from the judgment rendered therein was dismissed on April 30, 1921, the present action had not prescribed on the following day, when the same was brought by the plaintiffs herein.

As according to the aforesaid section 1864, the thirty-year period of limitation is to be understood without prejudice to the provisions relating to the acquisition of ownership or of property rights by prescription, let us see whether at the

time the present suit was brought the ownership of the house had prescribed in favor of the defendant, Josefa Portilla.

Of course, we do not have in this case the extraordinary acquisitive prescription of thirty years, which does not require just title or good faith, because such prescription, in accordance with section 1846 of the same Code, was subject to a civil interruption, in 1921, when the initial complaint herein was brought, for the first suit brought in 1899 produced no interruption as the complaint against the possessor Josefa Portilla was dismissed, in conformity with section 1847 of the same code. Consequently, we have to determine whether or not the ordinary acquisitive prescription of ownership with just title and good faith for ten years as between persons present and for twenty years as between absentees, as provided by section 1858 of the Civil Code, exists.

Inasmuch as it has not been alleged or shown that the plaintiffs have been absent from the Island since 1893, on which date the possessory title was recorded in the registry, the term within which the defendant may acquire the ownership in this case by prescription is ten years, with good faith and under a just title. That term, and more than twenty years, had elapsed when the present suit was commenced, for although the first action of 1899 was brought before the expiration of ten years from the date of registration of the possessory title in 1893, such interruption of the acquisitive prescription of the ownership must be regarded as nonexistent and of no effect, in accordance with subdivision 3, section 1847 of the same Code, because the former suit against the possessor Josefa Portilla was dismissed.

The defendant-appellant had a just title for acquiring the property, because she inherited the house from her father, who had purchased it, and such title was apparently valid. Did she or her father act in good faith in acquiring the house? Let us see.

From the testimonial evidence it appears that two of the plaintiffs personally informed Cesáreo Portilla when he was

about to purchase the house, that he should not make such a purchase because the house did not belong exclusively to José Severo Gorbea. In the first record of the house made by virtue of the possessory title proceeding, mention was made of a mortgage twice extended which had been constituted in the year 1845. In that mention the name or names of the persons or persons executing those documents were not specified. However, in the second inscription, resulting from the sale of the house by José Severo Gorbea in 1894, with the right to repurchase (*pacto de retro*) which he subsequently exercised, the statement appears that he was then 43 years old, and therefore it is very possible that in 1845 the house did not belong to José Severo Gorbea, for at that time he was not old enough to encumber the same. As a matter of fact, he was born in 1844. But aside from this, it appeared from the registry that the records of the mortgage of 1845 and its extensions were transferred from the books of the old *Anotaduría* or *Contaduría* of mortgages to those of the new registry, at the request of the Commissioner of the Public Treasury, thus producing the third, fourth, and fifth inscriptions, wherein it appears that the mortgage of 1845 and its extensions were constituted by several of the Gorbea children, among them, José Faustino Gorbea and Dominga Gorbea. Subsequent to these inscriptions Cesáreo Portilla purchased the house which at present belongs by inheritance to his daughter, Josefa Portilla.

The above-stated facts show that both Cesáreo Portilla and Josefa Portilla did not acquire the house in good faith, as they had notice from the registry that in 1845 it belonged to the Gorbea children, who had mortgaged it, and hence that José Severo Gorbea was not the sole owner thereof, as alleged by him in the possessory title that was recorded.

The fifth and last assignment refers to the imposition of costs. In view of the facts already stated, we fail to see that the lower court abused its discretion in imposing them.

The judgment appealed from will be affirmed.